IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01771-BNB

WILLIE JOE LEWIS, SR.,

    Plaintiff,

v.

COLO. DEPT. OF CORRECTIONS,
D.R.D.C.,
ATT. GENERAL JESS A. DANCE,
AIC, and
CATHY HOLST,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 29 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Willie Joe Lewis, Sr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Crowley County Correctional Facility at Olney Springs, Colorado. Mr. Lewis initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. On September 17, 2007, he filed an amended Prisoner Complaint. The court must construe the amended complaint liberally because Mr. Lewis is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lewis will be ordered to file a second amended complaint.

The court has reviewed the amended complaint filed by Mr. Lewis and finds that it is deficient. First, it is not clear who all of the Defendants in this action are. Although

Mr. Lewis lists five Defendants in the caption of the amended complaint, he lists only three Defendants in Section A of the amended complaint, the section that describes the parties to the action. Furthermore, it is not clear that the Defendants identified in the caption as "D.R.D.C." and "AIC" are persons subject to suit in this § 1983 action. Mr. Lewis is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Lewis should name as Defendants the persons he believes actually violated his constitutional rights.

The court also finds that the amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct."

Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Lewis fails to set forth a short and plain statement of his claims showing that he is entitled to relief and he fails to specify the relief he is seeking in this action. Mr. Lewis complains that he was blind for a period of time and he apparently believes that his blindness was caused by the DOC or one or more persons within the DOC. However, it is not clear what specific claims for relief he is asserting, against whom those claims are being asserted, or why he believes that the named Defendants are responsible for his blindness.

Therefore, Mr. Lewis will be directed to file a second amended complaint that clarifies who he is suing and that complies with the pleading requirements of Rule 8. In order for Mr. Lewis to state a claim in federal court, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Lewis is reminded that it is his responsibility to present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Lewis file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Lewis, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Lewis fails to file an original and sufficient copies of a second amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED October 29, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01771-BNB

Willie Joe Lewis, Sr.
Doc# 66466
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/29/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk