IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01771-BNB

WILLIE JOE LEWIS, SR.,

    Plaintiff,

v.

NEGRO SARGENT AT DRDC INTAKE (Miss A. Rice, CCCF, refuse to give name),
CATHY HOLST, Top AIC for the Colo. Dept. of Corrections, and
ATT. GENERAL JESS A. DANCE for the State of Colorado,

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff Willie Joe Lewis, Sr., is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility at Olney Springs, Colorado. Mr. Lewis initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. On September 17, 2007, he filed an amended Prisoner Complaint. On October 29, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Lewis to file a second amended complaint that clarifies who he is suing and that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On November 26, 2007, Mr. Lewis filed a second amended complaint.

The Court must construe the second amended complaint liberally because Mr. Lewis is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the second amended complaint is held to standards less stringent than those governing a formal

pleading drafted by lawyers. *See id.* However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the second amended complaint filed in this action and finds that the second amended complaint still fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a pleading "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1) which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Lewis alleges that he was blind for more than two years during his incarceration but that he was told he did not have a disability. As Magistrate Judge Boland advised Mr. Lewis, in order "to state a claim in federal court, a complaint must

2

explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Lewis fails to provide this sort of factual detail in the three claims he asserts against the named Defendants.

Mr. Lewis claims that Defendant Cathy Holst lied in her paperwork by stating that Mr. Lewis did not have a disability. However, he does not allege that Ms. Holst was responsible for making the determination as to whether he had a disability. Furthermore, he fails to explain how Ms. Holst's alleged lies resulted in a violation of his constitutional rights.

In his claim against Defendant Jess A. Dance, an Assistant Attorney General for the State of Colorado, Mr. Lewis merely alleges that Mr. Dance made an offer to settle Mr. Lewis' claims in another lawsuit for $50.00, an amount that Mr. Lewis deemed insufficient. Once again, Mr. Lewis fails to allege how the offer to settle his claims violated his constitutional rights in any way.

Finally, Mr. Lewis claims that the Defendant he identifies as "Negro Sargent at DRDC" took Mr. Lewis' eye medications upon his arrival at the Denver Reception and Diagnostic Center on May 18, 2004. However, Mr. Lewis still fails to allege specific facts that explain what his precise claim against this Defendant is. Mr. Lewis alleges at one point that the "Negro Sargent at DRDC" destroyed the medications, but he also alleges that the medications were given to the medical department. Furthermore, Mr. Lewis does not allege how he was harmed by the loss or destruction of his medications. In any event, even if the Court concluded that Mr. Lewis' claim against this Defendant

3

was sufficient to comply with the pleading requirements of Rule 8, the claim still must be dismissed as barred by the statute of limitations because the claim arose more than two years before this action was filed. *See Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993). Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 12 day of Dec, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01771-BNB

Willie Joe Lewis, Sr.
Doc# 66466
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed **ORDER AND JUDGMENT** to the above-named individuals on 12/14/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk